UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 14 CV 9084 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| DARRICK BOROCZ | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO VACATE,
SET ASIDE, OR CORRECTSENTENCE PURSUANT TO 28 U.S.C. § 2255**

The UNITED STATES OF AMERICA, by and through its attorney, ZACHARY
T. FARDON, United States Attorney for the Northern District of Illinois, respectfully
submits this response to defendant Darrick Borocz's Motion Under 28 U.S.C. § 2255 to
Vacate, Set Aside, or Correct Sentence.

**I.    FACTUAL SUMMARY**

The facts of this case were set out in the public record in the court of appeal's
opinion in this case affirming defendant's 70-year sentence. *United States v. Borocz*,
705 F.3d 616 (7th Cir. 2013). The court of appeals described the facts as "disturbing
and graphic," and the government will only include a bare summary here. Between
2006 and 2008, defendant created approximately 300 still images and multiple videos
of his three- to five-year-old daughter and/or his two-year-old son engaging in sexually
explicit conduct. In addition to these images and videos, authorities found
approximately 8,452 still images and 186 videos of child pornography on the hard drive
of defendant's computer. In counts one through four of the indictment, defendant was
charged with manufacturing child pornography. 18 U.S.C. § 2251(a). In count five,

1

defendant was charged with possessing child pornography. 18 U.S.C. § 2252A(a)(5)(B). He pled guilty to all five counts. R. 47[1]. He later appealed his 70-year sentence, R. 48, and his sentence was affirmed. R. 68.

## II.  DEFENDANT'S AMENDED MOTION IS UNTIMELY AND SHOULD BE DISMISSED.

The government believes that defendant's original § 2255 petition, C.R. 1, is timely because of equitable tolling principles. The new claim defendant raises in his amended motion, C.R. 9, are untimely, however. The district court docket reflects that defendant's original § 2255 petition was filed on November 10, 2014. Although on its face this appears to be untimely because it was filed more than one year after the Supreme Court denied certiorari on October 7, 2013, it appears from the defendant's filing that he mailed his motion to the wrong court on September 29, 2014. A motion is "filed" when defendant delivers it to prison officials for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 270 (1988). That defendant mailed the petition to the Seventh Circuit instead of the district court is a proper basis for equitable tolling. *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (equitable tolling justified when claimant makes a good faith error, such as filing in the wrong court).

Defendant, however, then filed an untimely motion to amend his earlier petition. Amendments after the statute of limitations has expired are timely only if they relate back to the earlier petition. "In order for an untimely claim to relate back, it 'must have

---

[1] Citations labeled "R." refer to petitioner's criminal district court case number 09 CR 647 (N.D. Ill.). Citations to "C.R." refer to the instant case, civil district court case number 14 CV 9084 (N.D. Ill.).

2

arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Rodriguez v. United States*, 286 F.3d 972, 981 (7th Cir. 2002) (internal citations omitted); *Mayle v. Felix*, 545 U.S. 644 (2005).

Defendant raised new claims in his amended petition. These new claims are untimely and must be dismissed. In his initial Section 2255 motion, defendant argues that his counsel was ineffective "by not arguing appellants issues that appellant wanted to be argued." Petition at 8. More specifically, defendant appears to raise three arguments in his bare-bones petition. First, defendant argues that "appellants have the right to psychological testing to be evaluated per sec. 4244 in the nature of the appellants state of mind. There is no evaluation conducted." Second, defendant argues that "appellant was denied a Franks hearing the right to speak in there own behalfs." Third, defendant argues that counsel never suppressed and argued the evidence against the appellant within a suppression hearing." These arguments are all timely (though they completely lack any detail or support in the filing or record).

His amendment then raises a new claim, which is untimely. There, defendant also argues that "councel failure to object to levels of enhancements stated on the transcripts (Document 58) causing the Defendant to be ordered in a unsupported sentence." This sentencing enhancement arguments is completely different from what

he raised in his initial petition, and it therefore does not relate back to the initial petition. Therefore, it is time-barred and must be dismissed on this basis.[2]

## III.   DEFENDANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS LACK MERIT

With respect to defendant's claims for ineffective assistance of counsel in his initial petition, those claims lack merit, and his petition should be denied.

### A.   Applicable Law

To prevail upon a claim of ineffective assistance in a Section 2255 petition, the defendant must demonstrate that his counsel made "errors so serious that counsel was not functioning as 'counsel' guaranteed the petitioner by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Franklin v. Gilmore*, 188 F.3d 877, 883-84 (7th Cir. 1999). A defendant must show that "his counsel's service did not meet an objective standard of reasonableness and that there is a fair probability that but for his attorney's ineffectiveness, the result of the trial would have been different." *United States v. Meyer*, 234 F.3d 319, 324-25 (7th Cir. 2000); *Strickland*, 466 U.S. at 689.

To satisfy the first requirement of *Strickland*—reasonable performance—the defendant must identify the specific acts or omissions of counsel that form the basis of the ineffective assistance claim. *Strickland*, 466 U.S. at 690. In making such a showing, defendant must overcome the presumptions that counsel's conduct amounted

---

[2] To the extent it is not time-barred, it completely lacks any specifics. It is therefore impossible to understand what violation the petitioner is alleging. On this basis alone, this court should deny the new claims defendant raises. *Mitchell v. United States*, 359 F.2d 833, 837 (7th Cir. 1966).

to sound trial strategy and that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Payne*, 741 F.2d 887, 891 (7th Cir. 1984) (quoting *Strickland*, 466 U.S. at 690). The *Strickland* test is "highly deferential" to counsel, presuming reasonable judgment and declining to second guess strategic choices. *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997).

**B.     Argument**

Defendant has not alleged facts sufficient to overcome the presumption that the decisions made by his trial counsel were reasonable trial strategy. Therefore, his motion should be denied without a hearing. *Yu Tian Li v. United States*, 648 F.3d 524, 532 (7th Cir. 2011) ("A district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.") (internal quotations omitted). Further, facially incredible claims can be dismissed without a hearing. *Rodriguez v. United States*, 286 F.3d 972, 986-87 (7th Cir. 2002).

As an initial matter, all of defendant's claims are vague and conclusory, and this court should deny the petition on that basis. *Mitchell*, 359 F.2d at 837. As the Seventh Circuit has stated, a Section 2255 motion based on "vague conclusional charges are insufficient to raise an issue which demands inquiry" and "petitioner must show that he has proof of his allegations beyond his unsupported assertions." *Id.*

5

On the merits, defendant appears to make three arguments that his counsel was ineffective. In reality, two of the arguments are essentially the same. None of defendant's arguments has any merit.

### 1. Motion under 18 U.S.C. § 4244

First, defendant argues that his counsel should have asked for a psychiatric examination of the defendant under 18 U.S.C. § 4244. This statute allows for the district court to provisionally sentence a defendant with a "mental disease or defect" to the statutory maximum term of incarceration to be served in a mental health treatment facility until recovered, at which point the court would sentence him again and could modify the provisional sentence.

To the extent that defendant is arguing that he should have undergone a psychiatric evaluation prior to sentencing, defendant fails to mention the detailed psychiatric reports that were included in the defendant's sentencing memorandum. Licensed Clinical Psychologist Mickey J. Morgan, Psy.D. submitted a Clinical Progress Report, and Board Certified Forensic Psychologist Michael Fogel, Psy. D., ABPP submitted a Forensic Psychological Evaluation. The Fogel report noted that defendant's psychological testing "produced profile patterns with no marked elevations suggesting the presence of clinical psychopathy." Report at 16. It concluded that "there is no evidence by history or psychological testing to suggest that Mr. Boroczk struggles with any major mental illness (e.g. Schizophrenia or Bipolar Disorder), personality disorder, or prolonged substance abuse." Report at 21. Given this conclusion, there would have been no basis to argue that the defendant had a "mental disease or defect" under 18 U.S.C. § 4244. Defendant's claim that his attorney was constitutionally ineffective on this basis is without support.

### 2.    Motion to Suppress/*Franks* Hearing

Second, defendant argues that his counsel should have requested a *Franks* hearing and, in addition, should have moved to suppress evidence. These are essentially the same argument --- that his attorney should have moved to suppress the evidence against him. This argument too is without merit. Defendant has provided no basis that the evidence used against the defendant should have been suppressed or could have been challenged. In fact, defendant gave both oral and written confessions to agents after he was advised of his *Miranda* rights. He and his wife signed written consents to allow law enforcement agents to search their computers and on-line media. Further, some of the pornographic pictures of his children were seized from a computer in Pennsylvania, not his own computer. *Boroczk*, 705 F. 3d at 619. Given the confessions and consents, defendant's attorney would have had no basis either to request a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), which of course challenges a search warrant affidavit, or to move to suppress the evidence. Because defendant has failed to provide any basis for why the evidence should have been suppressed, defendant has failed to raise even any hint of deficiency in his counsel's performance. His motion should therefore be denied.

## IV. CONCLUSION

Because there are no grounds for relief, the government respectfully requests that defendant's Section 2255 motion be denied without an evidentiary hearing.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: /s/Samuel B. Cole
    SAMUEL B. COLE
    Assistant United States Attorney
    219 South Dearborn Street, 5th Floor
    Chicago, Illinois 60604
    (312) 353-4258