# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 1:14-cv-9084 |
| Plaintiff-Respondent, ) | |
| ) | Judge Ronald A. Guzmán |
| v. ) | |
| ) | |
| DARRICK BOROCZK, ) | |
| ) | |
| Defendant-Movant. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Darrick Boroczk's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [1] is denied. Motion by Petitioner Darrick Boroczk to obtain affidavits from his former attorneys [21] is also denied. Civil case terminated.

## STATEMENT

Darrick Boroczk ("Petitioner") was convicted of manufacturing and possessing child pornography on August 2, 2011, and was sentenced to 70 years in prison. He has filed a *pro se* petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Court denies the petition and also denies Petitioner's motion requesting affidavits from his former attorneys.

## Background

The factual background underlying Petitioner's conviction is set out in detail in the Seventh Circuit opinion denying Petitioner's direct appeal; because "[t]he facts in this case are disturbing and graphic," only those facts necessary to address Petitioner's specific arguments are

reviewed below. *United States v. Boroczk*, 705 F.3d 616, 618 (7th Cir.) *cert. denied*, 134 S. Ct. 288, 187 L. Ed. 2d 207 (2013).

From 2006 to 2008, Petitioner created approximately 300 sexually explicit images and multiple videos of his son and daughter – both then under six years old. He shared these images and videos online, and came to the attention of the authorities when images in which both he and his children were visible were recovered from a computer in Pennsylvania. Upon searching the hard drive of Petitioner's computer, investigators found 8,452 still images and 186 videos of child pornography. Petitioner was indicted on four counts of manufacturing child pornography under 18 U.S.C. § 2251(a) and one count of possessing child pornography under 18 U.S.C. § 2252A(a)(5)(B).

Petitioner was arrested and charged on July 29, 2009, and initially denied any wrongdoing. When confronted with the pictures authorities had seized in Pennsylvania, Petitioner eventually admitted to taking explicit pictures and videos of his children and to personally abusing them in various ways. He further admitted that he sent images and video of his children to other individuals he met online, and occasionally displayed his children to those individuals live over a webcam. Petitioner pled guilty to all five counts of the indictment and requested a fifteen-year mandatory minimum sentence. At Petitioner's sentencing hearing, the defense presented a report from a clinical psychologist, Dr. Morgan, who stated that Petitioner's prognosis for rehabilitation was excellent. In addition, the defense presented live testimony by another psychologist, Dr. Fogel, who testified that Petitioner represented a low risk of recidivism based on having few static risk factors. The prosecution called its own psychologist, Dr. Rogers, to rebut the testimony of Petitioner's experts. Dr. Rogers criticized Dr. Fogel's conclusions because Dr. Fogel did not perform any objective physiological assessments in order to determine

whether Petitioner should be diagnosed as a pedophile – a diagnosis highly correlated to sexual recidivism.

The Court noted that because the sentencing guidelines provided for life imprisonment, Petitioner's guideline sentence defaulted to the statutory maximum of 130 years. The Court then sentenced Petitioner to 180 months imprisonment on each of the first four counts and 120 months on the fifth count, all to be served consecutively – a total cumulative sentence of 70 years. Petitioner appealed to the Seventh Circuit, arguing that the sentencing court erred in concluding that Petitioner was likely to recidivate and imposing a substantively unreasonable sentence. The Seventh Circuit affirmed Petitioner's sentence, and he now moves for his sentence to be vacated on the basis that he received ineffective assistance of counsel.

**Legal Standard**

A federal prisoner may move a district court to vacate, set aside or correct a sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To receive relief under § 2255, a prisoner must show a "fundamental defect which inherently results in a complete miscarriage of justice," *United States v. Addonizio*, 442 U.S. 178, 185 (1979), or "an omission inconsistent with the rudimentary demands of fair procedure," *Hill v. United States*, 368 U.S. 424, 428 (1962). The court in which a § 2255 motion is brought must hold a hearing if affidavits or other competent proof establishes a dispute as to a material factual issue. *See Taylor v. United States*, 287 F.3d 658, 660 (7th Cir. 2002). If the factual dispute is immaterial because the governing law is clear, no hearing is necessary. *Id*. Thus, a

district court may deny a § 2255 petition without holding a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005).

Here, Petitioner claims violations of his Sixth Amendment right based on constitutionally ineffective representation by his attorney. To prevail on an ineffective assistance of counsel claim, Petitioner must show both that his counsel's performance "fell below an objective standard of reasonableness" and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding – here, Petitioner's sentencing – would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-93 (1984). The *Strickland* standard requires Petitioner to overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Where a petitioner's claim fails under either the performance or the prejudice prong of the *Strickland* inquiry, the court may reject his claims on that basis and need not address the remaining prong. *See Milone v. Camp*, 22 F.3d 693, 703 (7th Cir. 1994) ("The Court need not address both *Strickland* prongs if it is clear that [Petitioner] cannot satisfy one of them").

**Discussion**

Petitioner's § 2255 motion does not clearly elucidate his claims, instead repeatedly stating that his attorney failed to "argue issues that [Petitioner] wanted to be argued" without specifying precisely what those issues are. (*See, e.g*., Mot. Vacate, Dkt. # 1 at 8) (stating that counsel was ineffective for not raising "issues that may have been valid for a lesser sentencing due to new laws etc.") Closely examining Petitioner's pro-se filings for any hint of possible

claims, however, the Court discerns three separate ways in which Petitioner appears to believe his attorney was constitutionally ineffective: (1) failure to move for the suppression of evidence; (2) failure to move for a psychological evaluation under 18 U.S.C. § 4244; and (3) failure to object to sentencing enhancements.[1] None of these claims entitles Plaintiff to relief, and none warrants an evidentiary hearing because Plaintiff's vague, conclusory arguments do not contain a sufficient factual basis to raise any issues that an evidentiary hearing is necessary to resolve. As Petitioner has failed to raise any factual issues requiring an evidentiary hearing, his motion asking the Court to order his former attorneys to explain their decisions through sworn affidavits is also denied.

*Suppression of evidence*

Petitioner argues that his counsel failed to request a *Franks* hearing[2] and failed to move to suppress evidence. The Seventh Circuit has made clear that in a § 2255 petition, "specific facts should be alleged to support the claim; vague conclusional charges are insufficient to raise an issue which demands inquiry; and petitioner must show that he has proof of his allegations beyond his unsupported assertions." *Mitchell v. United States*, 359 F.2d 833, 837 (7th Cir. 1966). Petitioner's evidence-related claim fails all of these hurdles. He does not indicate why he believes his attorney could have had a colorable basis for attempting to challenge the search warrant or suppress any evidence; indeed, he fails to even identify what evidence he believes

---

[1] The government argues that this ground is barred as untimely, because Petitioner raised it for the first time in an addendum he filed sometime after his §2255 petition. However, Petitioner's original – and unquestionably timely – petition does mention "inhancements" [sic] and "departures" among the topics his attorney allegedly failed to argue. (*See* Mot. Vacate, Dkt. # 1 at 6, 9.) The Court therefore construes the petition as timely raising the issue of his attorney's failure to object to sentencing enhancements.

[2] Under *Franks v. Delaware*, 438 U.S. 154 (1978), a criminal defendant may request a hearing to challenge a search warrant affidavit.

could or should have been suppressed. Bare assertions that a lawyer should have more vigorously challenged unspecified evidence for unspecified reasons do not satisfy Petitioner's burden of showing entitlement to relief under § 2255.[3]

*Psychological evaluation*

Petitioner also argues that his counsel should have asked for a psychiatric examination under 18 U.S.C. § 4244, which allows for the district court to provisionally sentence a defendant with a "mental disease or defect" to the statutory maximum term of incarceration to be served in a mental health treatment facility until recovered, at which point the court would sentence him again and could modify the provisional sentence. As with his other claims, Petitioner alleges no facts that would render his attorney's failure to move for an examination unreasonable. As an initial matter, Plaintiff did undergo a psychiatric examination prior to sentencing; Dr. Fogel examined Petitioner in person and reviewed his medical records. There is no suggestion in any of Petitioner's pleadings as to why he feels another psychiatric examination would be warranted in his case.

In fact, the evaluation conducted by Petitioner's own expert established that he was not afflicted with any serious mental health problems at the time of his sentencing. Dr. Fogel found that Petitioner's psychological testing "produced profile patterns with no marked elevations suggesting the presence of clinical psychopathy" and concluded that "there is no evidence by history or psychological testing to suggest that [Petitioner] struggles with any major mental

---

[3] The government offers another reason this claim should be rejected: because Petitioner gave a Mirandized confession and both he and his wife signed consent forms authorizing the search of Petitioner's home, attempting to challenge any of the evidence used against Petitioner would have been futile. The government, however, cites to nothing in the record relating to the alleged consent to search or to Petitioner's confession, and for this reason the Court declines to reject Petitioner's claim on this ground.

illness (e.g. Schizophrenia or Bipolar Disorder), personality disorder, or prolonged substance abuse." (Case No. 09-cr-647, Dkt. # 65 at 16, 21.) Dr. Fogel reached these conclusions after having reviewed Petitioner's records, spoken with Petitioner's mother, discussed Petitioner's treatment history with Dr. Morgan, conducted two interviews with Petitioner totaling ten hours, and administered psychological testing. (Case No. 09-cr-647, Dkt. # 46 at 21-23.) In light of this opinion and the absence of any contrary evidence, Petitioner's counsel was not objectively unreasonable in concluding that requesting another mental health examination was unnecessary.

*Sentence enhancements*

Finally, Petitioner argues that his attorney failed to object to sentence enhancements and thereby doomed him to an unsupported sentence. Again, Petitioner does not identify which enhancements he believes should have been challenged, nor why. His § 2255 petition is therefore fatally deficient as to these claims. Moreover, even if Petitioner adequately identified the enhancements to which he objects, his argument fails because challenging *any* of the sentencing enhancements in this case would have been futile.

The presentence investigation report prepared prior to Petitioner's sentencing applied the following enhancements to counts one through four (manufacturing child pornography): a 4-level increase for a victim under the age of 12, a 2-level increase for depictions of sexual contact or sexual acts, a 2-level increase for distribution of the images, a 2-level increase for Petitioner's status as parent of the victims, and a 4-level increase for depictions involving sadistic or masochistic content. (Case No. 09-cr-647, Dkt. # 53.) Nearly all of these enhancements properly applied to Petitioner without a shadow of a doubt: he cannot deny that his victims were his

7

children, that they were under the age of 12, that he distributed the images online, and that several of the images included sexual acts. The most colorable grounds for objection was the enhancement based on sadistic or masochistic conduct – but his attorney originally did object to this enhancement, vigorously arguing that images showing Petitioner attempting to sexually penetrate his daughter were not sufficiently violent to warrant the 4-level increase. (Case No. 09-cr-647, Dkt. # 39 at 3-6.) While defense counsel withdrew this objection at the sentencing hearing, she did so because the government later identified an additional image that justified the enhancement – a picture of Petitioner's daughter naked, tied to a chair with a jump rope. (Case No. 09-cr-647, Dkt. # 41 at 9.) Petitioner's attorney could reasonably have concluded that challenging the applicability of the enhancement to this image would be futile. *See United States v. Ahders*, 622 F.3d 115, 121 (2d Cir. 2010) (for purposes of sentencing enhancements, pictures of children in bondage situations "surely are sadomasochistic in nature").

The enhancements applied to count 5 (possession of child pornography) were mostly similar, but with three additional factors: a 5-level increase for a pattern of activity involving abuse or exploitation, a 2-level increase for use of a computer, and a 5-level increase for over 600 images. (Case No. 09-cr-647, Dkt. # 53.) No colorable argument could have possibly been made for objecting to any of these. Petitioner's photographically documented history of committing sexual acts on his own children unquestionably qualifies as a pattern of abuse or exploitation. He used a computer, both in sharing the images with online "friends" and exposing his children over live webcams. And the over 8,000 images found on his computer are much more than the 600 necessary for the enhancement.

Because there was no reasonable basis for objecting to the enhancements listed above, Petitioner's attorney was not ineffective for failing to make such an objection.

**Conclusion**

For the reasons set forth above, the Court denies Petitioner's § 2255 motion and terminates this case. Moreover, because he has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c). Petitioner's motion to obtain affidavits from his former attorneys [21] is denied.

**SO ORDERED.**                              **ENTERED:   August 24, 2015**

_____
**HON. RONALD A. GUZMÁN
United States District Judge**